UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WES W.C. JOHNSON | CIVIL ACTION |
| VERSUS | No.: 17-357 |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL. | SECTION: "J"(4) |

## ORDER & REASONS

Before the Court is a *Motion to Dismiss Opposing Counsel* **(R. Docs. 13, 17)** filed by Plaintiff Wes "W.C." Johnson and an opposition thereto **(R. Doc. 18)** filed by Defendants.[1] Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This lawsuit derives from an alleged breach of contract and deprivation of constitutional rights. Plaintiff alleges that he filed grievances with the national branch of the NAACP pursuant to the NAACP's constitution and bylaws seeking relief for inappropriate conduct by elected officers of the New Orleans Branch of the NAACP (the New Orleans Branch). Rather than investigate his claims, he alleges that the national branch of the NAACP threatened to either dissolve its New Orleans Branch or affect Plaintiff's membership status to chill litigation. Plaintiff alleges that this

---

[1] The National Association of the Advancement of Colored People ("NAACP"), Cornell William Brooks, Roslyn M. Brock, and Carmen Watkins (collectively, "Defendants").

has resulted in difficulties in holding proper and lawful local elections for NAACP branch members. Specifically, Plaintiff alleges that the national branch of the NAACP has allowed irregularities in the local elections and allowed ineligible members to run and be elected to NAACP office positions. Plaintiff argues he has been deprived of his constitutional rights under the First, Sixth, Seventh, Ninth, and Fourteenth Amendments to the United States Constitution. Plaintiff asks this Court to force the national branch of the NAACP to address his complaints as to the voting irregularities and to require that all elections be rescinded until the proper execution of the NAACP's constitutional protections can be administered. Finally, Plaintiff seeks $100,000 in punitive damages to be given to the New Orleans Branch, a judgment forcing Defendants to reorganize the NAACP's constitution to comply with the United States Constitution, and for all costs incurred.

On May 23, 2017, Plaintiff moved to dismiss Defendants' counsel. (R. Doc. 16.) In short, Plaintiff argues that if Mr. Danatus King is permitted to act as defense counsel he will serve as an "advocate witness," and because Mr. King is on Plaintiff's witness list, he must be disqualified. Defendants oppose the motion, R. Doc. 18, which is now before the Court on the briefs and without oral argument.

**PARTIES' ARGUMENTS**

Plaintiff seeks to dismiss Mr. King because Mr. King has a close relationship with the national branch of the NAACP and was allegedly counsel for, and former president of, the New Orleans Branch. Further, Plaintiff argues that Mr. King was placed on the Plaintiff's witness list[2] before Plaintiff realized that Mr. King would serve as defense counsel in the instant case. Plaintiff alleges that because of Mr. King's relationship with the New Orleans Branch, his role as defense attorney impermissibly sways Plaintiff's own witnesses against Plaintiff's interests. Also, Plaintiff claims that after discovery, Mr. King may become a defendant in this case for disrupting NAACP activities. Moreover, Plaintiff alleges that because of Mr. King's knowledge and relationships with individuals in the New Orleans Branch, any discovery would be tainted by Mr. King's influence. Finally, Plaintiff argues that Mr. King has served as counsel for the Secretary of the New Orleans Branch, Ms. Laurene McMillan, and the New Orleans Branch itself which he alleges creates a conflict of interest.

In response, Defendants present three arguments. First, Defendants argue that this case is not yet at trial and Model Rule 3.7 generally prevents conflicted counsel from participating at

---

[2] As of the date of this order, witness lists have not been exchanged nor produced to the Court. The deadline for witness and exhibit lists is not later than July 19, 2017. (R. Doc. 15.)

trial. Second, Defendants argue that Mr. King is not a necessary witness to this case. And finally, Defendants argue that the neither the New Orleans Branch nor Ms. McMillan have been Mr. King's clients. Accordingly, Defendants argue that Plaintiff's motion should be denied.

## DISCUSSION

To determine whether disqualification of counsel is appropriate, district courts must examine the local rules, the rules that govern attorneys practicing in the relevant state court, and the America Bar Association's ("ABA") Model Rules of Professional Responsibility ("the Model Rules"). *CEF Funding, L.L.C. v. Sher Garner Cahill Richter Klein & Hilbert, L.L.C.*, No. 09-6623, 2010 WL 2773116, at *2 (E.D. La. July 9, 2010) (citations omitted). Courts must not apply these rules "inflexibly" but must take into account the social interests at stake and the right of a party to choose its counsel and the right of attorneys to freely practice their profession. *Id.* (citing *SAS Overseas Consultants v. Offshore Consultants USA, Ltd.*, 1998 WL 676992, at *1 (E.D. La. 1998)). In the Eastern District of Louisiana, the relevant local rules, the Louisiana State bar Association's Rules of Professional Conduct, and the Model Rules are identical.[3] *Id.* Plaintiff bears the burden of demonstrating disqualification is warranted. *In re*

---

[3] *See also*, L.R. 83.2.3, and *compare* Model Rule 3.7 *with* Articles of Incorporation of the Louisiana State Bar Association, Article XVI, Rule 3.7.

4

*Duke Invs.*, 454 B.R. 414, 422 (S.D. Tex. 2011). Model Rule 3.7(a) provides that "a lawyer shall not act as advocate *at a trial* in which the lawyer is likely to be a necessary witness. . . ." *CEF Funding*, 2010 WL 2773116, at *2 (emphasis added) (quoting Model Rule 3.7(a)). Determining whether disqualification is appropriate is a delicate procedure particularly when a motion to disqualify comes at the early stages of the litigation. *See Leleux-Thubron v. Iberia Par. Gov't*, No. 13-0852, 2015 WL 339617, at *8 (W.D. La. Jan. 23, 2015) (noting that Rule 3.7 "is couched in the future tense and is therefore forward-looking toward trial-related violations"). While Model Rule 3.7 states that a lawyer-witness may be disqualified from acting as an advocate at trial, with some exceptions, there is precedent for dismissing an attorney from representation at any stage of the proceedings "where the lawyer-witness's testimony is likely to be prejudicial to his client." *See Lange v. Orleans Levee Dist.*, No. 97-987, 1997 WL 668216, at *3 (E.D. La. Oct. 23, 1997) (citing *Guar. Corp. v. Nat'l Union Fire Ins. Co.*, No. 90-2695, 1993 WL 165690 (E.D. La. 1993))

Plaintiff has not met the heavy burden of proving that disqualification of Mr. King is warranted. *See CEF Funding*, 2010 WL 2773116, at *2 (noting that a request for disqualification is reviewed with "fairly strict scrutiny," and that the party seeking disqualification bears a "heavy burden of demonstrating that disqualification is necessary"). Specifically, Plaintiff has not

5

demonstrated that Mr. King will be a necessary witness at trial, that his testimony would prejudice his clients, or that he may become a defendant to this lawsuit. This case stems from the national branch of the NAACP's alleged non-compliance with its internal constitutional procedures and bylaws. While Plaintiff alleges that this non-compliance was a result of some of Mr. King's actions, which led to the alleged deprivation of Plaintiff's constitutional rights,[4] the Court is unwilling to disqualify Defendants' sole counsel without more information. Further, although Plaintiff alleges that Mr. King's representation will lead to an unfair advantage, conflict, or some impropriety in this litigation, these allegations alone are insufficient to demonstrate that disqualification is necessary at this stage of the proceedings. *See Fed. Deposit Ins. Corp. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1316 (5th Cir. 1995) ("[D]isqualificaiton is unjustified without at least a reasonable possibility that some identifiable impropriety actually occurred."). Finally, it is unclear due to the infancy of this litigation whether Mr. King's

---

[4] It should be noted that in order to maintain a civil rights action under 42 U.S.C. § 1983, "a plaintiff must show that he has been deprived of a federally protected right by a person acting 'under color of state law.'" *Dupree v. Mfume*, No. 3-2240, 2003 WL 2247744, at *1 (N.D. Tex. Oct. 20, 2003) (citing 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988)). Further, the NAACP, as a private organization, is generally not considered a state actor. *Id.* In *Dupree*, the magistrate dismissed the plaintiff's lawsuit as frivolous where he alleged the NAACP deprived him of his constitutional rights by not providing him with legal representation to challenge his conviction. *Id.* Because Plaintiff alleges that the NAACP violated his constitutional rights, this is even more reason not to disqualify Mr. King without further development of this litigation.

association with New Orleans Branch or Ms. McMillan is even relevant—neither is a party in this litigation, and Mr. King submitted a sworn affidavit that he has never served as legal counsel for either the New Orleans Branch or Ms. McMillian. (R. Doc. 18-1.) Should it become clear that Mr. King is a necessary witness, must become a party to this action, or that an unwaivable conflict of interest has arisen, the Court will determine whether Mr. King must be disqualified as counsel for Defendants at that time. However, the facts do not warrant dismissal at this stage of the proceedings.[5] *See Lange*, 1992 WL 668216, at *3 (noting that courts "must be especially sensitive to the potential for abuse when . . . the party seeking disqualification is also the one wanting to call the attorney as a witness.").

---

[5] The parties have not engaged in any motion practice, the discovery deadline and deadline for depositions is August 18, 2017, and the pre-trial motion deadline is August 30, 2017.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Dismiss Counsel* **(R. Doc. 17)** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Leave to File* **(R. Doc. 19)** is **DENIED AS MOOT**.

New Orleans, Louisiana this 5th day of June, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE