UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WES "WC' JOHNSON | CIVIL ACTION |
| VERSUS | NO:   17-357 |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, CORNELL WILLIAM BROOKS, ROSLYN M. BROCK, and CARMEN WATKINS | SECTION: "J" (4) |

## ORDER

Before the Court is a **Motion to Compel Defendants to Answer Interrogatories and to Impose Sanctions (R. Doc. 26)**, filed by Plaintiff Wes "WC" Johnson, seeking an order from the Court to compel Defendants to respond to his interrogatories.  The motion is opposed. R. Doc. 27.  The motion was submitted on September 13, 2017, and was heard by oral argument that same day.  For the following reasons, the motion is **GRANTED**.

I.     **Background**

A.     *The Complaint*

This federal question action was filed by *pro se* Plaintiff Wes "W.C." Johnson ("Johnson"), the acting chair of the membership committee of the local chapter of the NAACP, against the National office of the NAACP, its former CEO/President, Dr. Cornell William Brooks, its Chairwoman Emeritus, Roslyn Brock, and its Regional Director for Southwest NAACP Region VI, Carmen Watkins (collectively the "Defendants"), for allegedly disenfranchising the membership of the New Orleans Branch of the NAACP. R. Doc. 1.  Johnson alleges that Ms. Lauren B. McMillan ('McMillan"), the Secretary of the New Orleans Branch of the NAACP, stole money from the account and refused to reimburse the organization and resign from her position. R. Doc. 1-3.  In particular, Johnson alleges that McMillan directed a member to forward his first payment towards a Subscribing Life Time Membership to her personally.

In addition, Johnson alleges that Ms. Deborah Chapman Kareem, the Treasurer of the New Orleans Branch of the NAACP, jeopardized the integrity of the local branch because (1) she reported the branch to the Federal Bureau of Investigation and (2) refused to return the keys and the local branch checkbook, among other alleged misconduct. R. Doc. 1-4.  Johnson filed formal complaints regarding both officers to the National office.

Furthermore, Johnson complains that the election of the chapter officers were not properly conducted.  Specifically, Johnson alleges that some individuals who voted were ineligible to vote and many members who were eligible were turned away and not afforded the right to vote.  R. Doc. 1, p. 4.  Johnson alleges that, despite this misconduct, the National office failed to supervise the elections. As a result, Johnson has now sued the National organization for (1) not investigating his complaints of January 19, 2016, and April 18, 2016; (2) permitting ineligible candidates to run for local NAACP leadership positions; and (3) failure to invalidate the illegal election results.

### B.    *Johnson's Motion to Compel*

At this time, Johnson filed a motion to compel Defendants to respond to his interrogatories. R. Doc. 26.  Johnson asserts that, pursuant to the Court's July 28, 2017, Order granting the Defendants' Motion for Extension of Time to Respond to Discovery (R. Doc. 23), Defendants were required to respond to Johnson's discovery requests no later than August 25, 2017.

In response, Defendants contend that Johnson's assertions are false.  In particular, Defendants argue that they sent, by U.S. mail, their responses to Johnson's interrogatories on August 25, 2017. R. Doc. 27, Affidavit of Candice Johnson.  As a result, Defendants argue that their responses were timely filed.

## II.    Standard of Review

Federal Rule of Civil Procedure ("Rule") 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in

writing under oath." Moreover, Rule 33 allows a party ask interrogatories to the extent of Rule 26(b). Fed. R. Civ. P. 33(a)(2).

Rule 37 allows for a party in certain circumstances to move for an order compelling discovery from another party. In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Rule 37 further provides sanctions for failure to cooperate in discovery. Particularly, Rule 37(d) "provides sanctions for discovery abuses in cases where no prior discovery order has been issued." *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1031 (5th Cir. 1990).

### III.    Analysis

Johnson asserts that, on July 28, 2017, the Court granted Defendants' Motion for Extension of Time to Respond to Discovery Responses (R. Doc. 22), ordering Defendants to respond to Johnson's discovery requests no later than August 25, 2017. R. Doc. 23. Johnson argues that, on August 25, 2017, he received an email from Defense Counsel, indicating that discovery responses were enclosed. R. Doc. 26-2. However, no discovery responses were attached. On August 26, 2017, Johnson emailed Defense Counsel, alerting him of the missing attachment. After an email exchange on August 28, 2017, Johnson still had not received the requested discovery. As a result, the subject motion was filed.

Defendants, in contrast, argue that Johnson's allegations are false. In an affidavit provided by Candace Johnson, Defendants maintain and assert that they sent responses to Johnson's interrogatories on August 25, 2017, by email and U.S. mail. R. Doc. 27-1, p. 1. Further, in response to Johnson's allegation that discovery responses had not been received, on August 31, 2017, Defendants resent the

3

discovery responses via U.S. certified mail. R. Doc. 27-1, p. 6.[1]  As such, Defendants contend that Johnson's motion should be denied because their responses were timely served.

During oral argument, Defendants argued that they sent the discovery responses on August 25, 2017, referencing the August 25, 2017, email.  However, the Court was not persuaded because Defense Counsel failed to point the Court to any evidence indicating that the discovery responses were sent and received by August 25, 2017.  The only attachment to Defendants' email to Johnson was a cover letter, asserting that the discovery responses were enclosed.  Further, the Court notes that Defendants did not promptly resend the discovery responses upon notification that they had not been received, but rather, put them in the mail on August 31, 2017, six (6) days after they were due.  Although Johnson eventually received the discovery responses, the Court granted the motion to compel because the Defendants failed to timely respond to Johnson's discovery requests.

As a final matter, the Court inquired into Defendants' answers to Johnson's discovery responses, to which Johnson stated that Defendants made several objections.  Johnson further informed the Court that Defendants' discovery responses were not signed or under oath.  However, the Defendants informed the Court that some of Johnson's discovery requests were beyond the scope of the instant lawsuit or sought information dating back to the inception of the NAACP.

With respect to Defendants' objections, the Court found that, due to Defendants' untimely responses to Johnson's discovery requests, all of Defendants' objections are waived, except for privilege or work product.

Regarding Johnson's overbroad discovery requests, the Court ordered Johnson to modify his interrogatories, giving a reasonable time limitation.  The Court recommended that Johnson's interrogatories should only request information not older than five years.

---

[1] United States Postal Service tracking results reveal that, on August 31, 2017, Defendants did, in fact, send the discovery responses to Johnson, tracking numbers 7014-1820-0001-4166-8188 and 7014-1820-0001-4166-8201, respectively.  Johnson ultimately received the responses on September 11, 2017.

IV.    **Conclusion**

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Compel Defendants' Answer to Interrogatories and to Impose Sanctions (R. Doc. 26)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Johnson shall modify his Interrogatories, providing a reasonable time limitation.  Johnson shall limit his inquiries to information **not older than five (5) years**.  Johnson shall propound the Interrogatories on Defendants consistent with this Order **no later than five (5) days from the signing of this order**.

**IT IS FURTHER ORDERED** that all of Defendants' objections, excluding privilege and work product, are **WAIVED**.   Defendants are ordered to fully respond to Johnson's modified  Interrogatories **no later than Friday, November 3, 2017**.

New Orleans, Louisiana, this 24th day of October 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**Clerk to Notify by:**
**Email:**
**Wcjohnson76@yahoo.com**

**Mail to Address in Record**