UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WES "W.C." JOHNSON | CIVIL ACTION |
| VERSUS | NO:  17-00357 |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL | SECTION: "J" (4) |

### ORDER AND REASONS

Before the Court is **Plaintiff's Motion to Compel Defendant's to Answer Interrogatories and Impose Sanctions (R. Doc. 48)**. The motion is opposed. R. Doc. 55. Oral argument on the motion was heard on November 8, 2017.

### I.    Background

This lawsuit derives from an alleged breach of contract and deprivation of constitutional rights. R. Doc. 1. Plaintiff alleges that he filed grievances with the national branch of the NAACP pursuant to the NAACP's constitution and bylaws seeking relief for inappropriate conduct by elected officers of the New Orleans Branch of the NAACP. Rather than investigate his claims, he alleges that the national branch of the NAACP threatened to either dissolve its New Orleans Branch or affect Plaintiff's membership status to chill litigation. Plaintiff alleges that this has resulted in difficulties in holding proper and lawful local elections for NAACP branch members.

Specifically, Plaintiff alleges that the national branch of the NAACP has allowed irregularities in the local elections and allowed ineligible members to run and be elected to NAACP office positions. Plaintiff argues he has been deprived of his constitutional rights under the First, Sixth, Seventh, Ninth, and Fourteenth Amendments to the United States Constitution. Plaintiff asks this Court to force the national branch of the NAACP to address his complaints as to the voting irregularities and to require that all elections be rescinded until the proper execution of the

NAACP's constitutional protections can be administered. Finally, Plaintiff seeks $100,000 in punitive damages to be given to the New Orleans Branch, a judgment forcing Defendants to reorganize the NAACP's constitution to comply with the United States Constitution, and for all costs incurred.

Pursuant to a prior discovery order, this Court had found that the Defendants failed to timely respond to interrogatories that were originally propounded in July of 2017. In the prior order, the Court required the Plaintiff to modify his interrogatories to limit inquiries to information that was not older than five years. R. Doc. 53. This Court also stated that all of Defendants' objections to the interrogatories were waived except for privilege and work product. *Id.* Finally, the Defendants were given until November 3, 2017 to respond to those modified interrogatories. *Id*.

Before the November deadline, Plaintiff filed the instant motion complaining that he had not yet received answers to the interrogatories. R. Doc. 48. Plaintiff filed the subject motion before this Court's written order from an earlier hearing was issued and was seemingly not aware of the deadline issued by the Court. R. Doc 53. In addition, before the November deadline, the Defendants responded to the Plaintiffs discovery and motion contending that it was moot because they responded to each interrogatory and request for production. R. Doc. 55.

As a result of the timing of the pleadings and due to the prior issues in this case involving discovery, out of an abundance of caution the Court set an oral hearing for November 8, 2017. R. Doc. 57. At that hearing the dispute was transformed from compelling responses to challenging the sufficiency of the responses. Also, despite the delay in the Courts issuance of its written order, the Defendants seemingly ignored this Courts oral order and asserted both general and specific

objections. However, Plaintiff did also not comply with this Court's prior order and included interrogatories that inquired about information outside the five-year limit imposed by this Court.

## II. Standard of Review

Federal Rule of Civil Procedure ("Rule") 33 allows a party to serve another party written interrogatories which, "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Rule 33 allows a party to ask interrogatories and request production to the extent of Rule 26(b). Simply referencing information or documents does not satisfy the requirements of Rule 33. *See Pea v. City of Ponchatoula*, No. 13-0542, 2014 WL 458071 (E.D. La. Feb. 4, 2011) (Roby, J.). Parties responding to discovery requests are required to conduct a reasonable inquiry with regards to those requests and are tasked with knowing what their agents know as well as what available in documents available to the party or its agents. *See In re Katrina Canal Breaches Consolidated Litig.*, 2007 WL 1959193 (E.D. La. June 27, 2007).

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding relevant information to any claim or defense as long as it is nonprivileged. Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Federal Rule of Civil Procedure 37 states that a party may move for an order compelling discovery. In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant

has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

In addition, Rule 37 states that a court may award sanctions against a party who fails to comply with a discovery order, including orders to pay reasonable expenses, including attorney's fees in connection with a discovery order. Available sanctions include striking pleadings, staying further proceedings until the order is obeyed, dismissing the action in whole or in party, or treating the failure as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). The Rule also states that, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

### III. Analysis

Based on this Court's review of the Defendants' answers to the interrogatories, the Court finds that some answers were not compliant with its earlier order (R. Doc. 53) regarding the interrogatories or the Federal Rules of Civil Procedure. As a result, the Defendants are required to comply with what follows in this instant order as well as the prior order. However, because several of the Plaintiff's modified interrogatories did not comply with this Court's prior order, sanctions will not be imposed on the Defendants.

#### A. NAACP's Interrogatory Responses

Rule 33 requires that interrogatories "to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Further, if the answer to an interrogatory can be determined by "examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of

4

deriving or ascertaining the answer will be substantially the same for either party," the responding party may specify the records in enough detail to give the interrogating party the ability to locate them as readily as the responding party would have and give the interrogating party a reasonable opportunity to inspect and examine the records. Fed. R. Civ. P. 33.

As this Court has previously found, simply referencing information or documents previously provided in discovery does not satisfy the requirement that the answer has been made fully and in writing pursuant to Rule 33. *See Pea*, 2014 WL 458071; *See also Keybank Nat. Ass'n v. Perkins Rowe Ass'n, LLC*, 2011 WL 765925 (W.D. La. Feb. 25, 2011) (Riedlinger, J.). A party is also charged with the knowledge of what its agents know, or what is in records available to it for the purposes of Rule 33. *See* Wright & Miller, 8B Fed. Prac. & Proc. § 2177 (3 ed.).

In addition, Rule 33 states that when an answer to an interrogatory may be determined from a business's records and the burden of ascertaining the answer would be substantially the same for either party the responding party may specify the records to be reviewed "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could" and "give the interrogating party a reasonable opportunity to examine and audit the records to make copies, compilations, abstracts or summaries." Fed. R. Civ. P. 33(d).

Plaintiff's interrogatories to the NAACP Nos. 3, 4, and 5, inquire into Article X complaints that were filed with the national NAACP. Interrogatory No. 3 asks for the NAACP to provide how many Article X complaints were filed in the past 10 year and list them. Interrogatory No. 4 asks how many of those Article X complaints were given the full judicial process and list them by branch. Interrogatory No. 5 asks how many Article X complaints were rejected and the reason for their rejection. In the NAACP's responses to Interrogatories Nos. 3, 4, and 5, the NAACP states that the answers can be obtained from the NAACP Board of Directors Meeting Minutes for 2012-

2017 and various NAACP 2012-2017 letters regarding Article X complaints. R. Doc. 55-1. However, the NAACP did not provide these records or specify wherein these records the Plaintiff could find the answers to his interrogatories. This Court finds that these responses do not comport with the requirements of Rule 33. The NAACP is ordered to supplement their answers to Interrogatories Nos. 3, 4, and 5 by answering with specificity as to the Article X complaints that the Plaintiff is inquiring about for the past 5 years. The NAACP, after answering the questions, is required to indicate where in those records the answer was found.

Plaintiff's Interrogatory No. 24 to the NAACP inquires as to how many special election circumstances the national NAACP has faced over the past 20 years and asks the NAACP to list each occurrence and the disposition of those "units." The NAACP answered by objecting and then stating that the answers can be obtained from the NAACP Board of Directors Meeting Minutes for 2012-2017 and various 2012-2017 letters regarding election disputes. Once again, the NAACP stated that they will make such documents available, but did not provide the records or specify wherein the Plaintiff could actually find the answers he was seeking. The NAACP is ordered to supplement their answer to Interrogatory No. 24 by answering the question with specificity and also identifying where in the listed document the answer they provide was found.

The burden on deriving the answer from these documents will be greater on the Plaintiff than on the Defendant NAACP. Second, the NAACP did not comply with the requirement that the answering party respond with specificity. Fed. R. Civ. P. 33(d). Generally referring to documents is not sufficient. The responding party must indicate where within the documents the interrogating party can identify the answer to the interrogatory. *See Pea*, 2014 WL 458071 at *3-4. Defendant NAACP's responses Nos. 3, 4, 5, and 24 refer to general documents without specificity. These

answers must be supplemented to provide specific answers to the Plaintiff's questions in order to be sufficient and responsive to the interrogatories.

However, the Plaintiff's Interrogatories Nos. 3, 4, and 5 each ask about Article X complaints in the past 10 years. This Court previously ordered that the Plaintiff must limit his inquiries to five years. R. Doc. 53. In failing to modify the interrogatories the Plaintiff did not comply with this Court's order.

In addition to the Interrogatories discussed above, the Plaintiff stated at the oral hearing that answers to Interrogatories Nos. 10, 11, 13, 20, 23, and 25, are essential for him to prove his case. The subject of Interrogatories Nos. 10 and 11 are the Article X complaints that are part of this instant action and inquires as to who decided the course of action regarding those complaints as well as if written responses were generated. The NAACP's answers to these responses are sufficient because they answer the questions posed and do not raise any previously waived objections.

Interrogatory No. 13 asks whether the constitutional processes were followed with regards to the Article X complaints in this case and if so how. The NAACP's response to Interrogatory No. 13 is sufficient as it answers the questions as well describes the process and does not raise any previously waived objections.

Plaintiff's Interrogatories to the NAACP Nos. 20 and 23 inquire as to what documentation was generated as to changes in the New Orleans unit elections, what written reports were filed after the elections, and what actions were taken because of these reports. The NAACP responded that no documentation was created to process the election changes and no reports were filed after the election. The Court finds that these answers are sufficient.

Finally, Interrogatory No. 25 inquires as to the policies and procedures of the NAACP and whether they conflict with the United States Constitution. The NAACP objected on the grounds that it called for legal conclusions and was a question of pure law, and answered that there is no conflict between the NAACP's policies and procedures and the U.S. Constitution. This Court had previously ordered that all objections, other than work product and privilege, were waived. While the Court finds that the NAACP did not comply with the earlier order when answering Interrogatory No. 25, the actual answer to the question is sufficient and responsive.

Rule 37 states that a court may award sanctions when a party fails to comply with a discovery order. Both the Plaintiff and the Defendant NAACP did not strictly adhere to the Court's earlier discovery order. Because neither party was in strict compliance the Court will not award sanctions against the NAACP or its counsel.

### B. Carmen Watkin's Responses

The Court next turns to the Interrogatories that were sent by the Plaintiff to Defendant Carmen Watkins, the Region VI director for the NAACP. At the oral hearing the Plaintiff indicated that Interrogatory Nos. 3, 4, 7, 10, 12, 13, 14, and 15, that were propounded upon Watkins are essential to proving his case. The Court will evaluate each of the Interrogatories and Answers to determine whether Watkins provided sufficient responses.

Plaintiff's Interrogatories Nos. 3, 4, and 7 asks Watkins how many Article X complaints that she has adjudicated as Region VI director, what the outcomes of the complaints were, and what policies and preparation she used to address those complaints. Answers to No. 3 and No. 4 included specific objections to the relevancy of the inquiries to the lawsuit, and answers to No. 4 and No. 7 stated "See Response to Interrogatory No. 3." Once again, this Court had previously ruled that all objections, other than work product and privilege, were waived but Watkins objected

in these answers. Apart from the objections, however, the Court finds that the answers Watkins provided to Interrogatories Nos. 3, 4, and 7 were sufficient. Watkins stated that she does not adjudicate Article X complaints, instead the NAACP Board of Directors and the NAACP Membership and Units Committee adjudicates those complaints.

Interrogatory No. 10 addressed to Watkins asks for what training sessions she has held in her region. Answer No. 10 states objections to the question being unduly broad and burdensome as well as irrelevant. To reiterate again, all objections to anything other than work product and privilege had been waived, therefore, these objections should not have been included. Watkins, after the objections, did provide a list of ten trainings conducted from 2015 until 2017. While this Court finds that the Defendant did not comply with the Court's earlier order by including waived objections, the answer that was given to the interrogatory was sufficient.

Next, Interrogatory No. 12 asks Watkins whether she communicated with the State Convention about the Article X complaints or the election problems of the New Orleans Unit. Watkins stated that she did not communicate with the State Convention regarding the Article X complaints or the election problems, however, Watkins raised objections to the interrogatory as being vague or ambiguous. Those objections did not comply with this Court's earlier order, but the specific answer that there was no communication is sufficient.

Plaintiff's Interrogatory No. 13 asks what copies of communications Watkins has with regards to the Article X complaints and the rescheduled elections and also asks for those copies to be made available. Watkins responds by objecting to the inquiry to the extent that it requests information that is protected as work product or under privilege and lists fourteen separate letters or emails that supposedly concern those issues. The Court finds that the answer to this interrogatory is sufficient because it lists with specificity the documents Plaintiff sought.

Interrogatory No. 14 requests information that Watkins "unveiled" concerning the theft of money that led to the Article X complaints and the need for rescheduled elections. The answer states that Watkins did not conduct an investigation and the NAACP Vice President of Field Operations Paula Brown-Edme rescheduled the New Orleans branch elections after two different factions scheduled two different election dates.

Finally, Interrogatory No. 15 asks what information Watkins has seen or heard regarding the Article X complaints and the New Orleans branch elections. Watkins once again raised a specific objection, but also answered that this information was provided in Interrogatories Nos. 13 and 14. Once again, all objections other than work product and privilege had been deemed waived by this Court. In addition, this question is different than that of Nos. 13 and 14. Interrogatory No. 13 asks for copies of communications that Watkins has, Interrogatory No. 14 asks what Watkins may have discovered, Interrogatory No. 15 appears broader than either previous interrogatory and asks about anything Watkins may have had, seen, or heard about the Article X complaints or the New Orleans branch elections. Therefore, Watkins must supplement the answer to Interrogatory No. 15 with any additional knowledge that she may have about the complaints or elections.

### C. Roslyn Brock's Responses

Federal Rule of Civil Procedure 26(g) states that a person is required to conduct a "reasonable inquiry" with regards to discovery disclosures, responses, and objections. Fed. R. Civ. P. 26(g). As many courts have previously noted:

> [t]he answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control. The answering party is required to give information available to him, including information available to his agents or representatives whether personally known to the answering party or not. If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information.

*In re Katrina Canal breaches Consolidated Litig.*, 2007 WL 1959193, at *4 (E.D. La. June 27, 2007) (citing *General Cigar Co. v. Cohiba Caribbean's Finest, Inc.,* 2007 WL 983855, at *3 (D. Nev. Mar. 30, 2007)); *See also Essex Builders Group, Inc. v. Amerisure Ins. Co.,* 230 F.R.D. 682, 685 (M.D. Fla. 2005); *Continental Ill. Nat'l Bank & Trust Co. v. Caton,* 136 F.R.D. 682, 684 (D. Kan. 1991); *Miller v. Doctor's Gen'l Hosp.,* 76 F.R.D. 136, 140 (W.D. Okla. 1977). As noted by the courts above, a party is expected to have knowledge of what its agents know or what is in records that are available to it. *See* Wright & Miller, 8B Fed. Prac. & Proc. § 2177 (3 ed.).

The Plaintiff stated that that Interrogatories Nos. 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12 that were propounded on Defendant Roslyn Brock are essential to proving his case. Once again, this Court will examine each interrogatory and response for its compliance with the Court's previous order as well as the Federal Rules.

Interrogatory Nos. 1 and 2 ask whether Roslyn Brock received authorization from the Board of the NAACP for actions surrounding the Article X complaints, what actions were approved by the Board, and the dates approval was given. Brock responds by stating that she has no independent recollection of those facts. "Independent recollection" is not the standard in answering interrogatories. Defendant Brock is tasked with conducting a reasonable inquiry into the records available to her to provide a full and complete response to those interrogatories. The answers to Interrogatories Nos. 1 and 2 must be supplemented to provide a specific answer to these questions.

Interrogatory No. 3 asks what policies and procedures the Board has to protect the rights granted by the U.S. Constitution. Brock responds with a specific objection that this calls for a legal conclusion, but answered that the bylaws and constitution of the NAACP ensure the rights of its members are protected. This court will reiterate that its previous order found that all objections

11

other than work product and privilege had been waived, however, the Court also finds that the answer provided after the objection is sufficient.

Interrogatory No. 5 asks when the last review of any conflicts between the NAACP's constitution and the U.S. Constitution occurred. Brock responds by stating she has no independent recollection of such a review. Brock should conduct a reasonable inquiry as to whether a review like this has occurred and respond. If no answer can be found she must state the steps taken in conducting the inquiry. Therefore, Brock is required to supplement Interrogatory No. 5.

Next, Interrogatory No. 6 asks when the Board last reviewed the policies and procedures that involve the governance between the national NAACP and its subordinate units. Defendant once again raises specific objections that this Court deemed waived in a previous order, and then states that she has no independent recollection of any such review. This once again does not satisfy that a reasonable inquiry has been made into identifying an answer to this question. Brock is therefore required to supplement her responses by conducting a reasonable inquiry and providing a specific answer to the interrogatory.

Interrogatory No. 7 asks how familiar Defendant Brock is with the subordinate structure and how often she's in contact with those units. Specific objections that this Court had found to be waived were once again included. Brock did, however, answer the question asked by stating she is very familiar with the structure and is in regular communication with NAACP units. The Court finds that apart from the waived objections the answer provided was responsive to the interrogatory.

Interrogatory Nos. 8 and 9 inquire as to the checks and balances in the NAACP's structure and whether NAACP officers are bound by any oaths. Brocks answer to these interrogatories was sufficient as she states that the constitution of the NAACP as well as the bylaws of each unit are

the policies for checks and balances and also provides the oath that all officers take as well as where that oath is located. As a result, Brock is not required to supplement her answer to these interrogatories.

Interrogatory No. 10 asks if there are any other means of communication or policy exchanges within the NAACP. The answer once again states waived objections and also responds "Yes." While the Plaintiff may not be satisfied with the answer, the answer is responsive to the question.

Interrogatory No. 11 asks for the NAACP corporate locations, functions, and the officers in charge. Brock once again raises specific objections. She also answered by listing eight different locations with their functions and the officer in charge. The Court finds that this answer is sufficient and responsive to the Plaintiff's inquiries.

Finally, Interrogatory No. 12 asks what the Board of the NAACP has in place to ensure that procedures and policies are followed. Brock provides a sufficient answer by stating that the NAACP constitution and the bylaws for each unit are enforcement mechanisms, which include but are not limited to Article X proceedings and Article IX election controversy clauses. The Court finds that this answer is responsive because it lists where enforcement mechanisms can be found and includes examples that may be relevant to the instant litigation.

While the Court finds that some answers provided by Defendant Brock were either nonresponsive per the Federal Rules or included objections that were deemed waived by this Court's earlier order, sanctions are inappropriate at this time. However, the Court notes that any further lack of sufficiency or lack of responsiveness with regards to these interrogatories will not be looked kindly upon.

### D. Cornell William Brooks' Responses

Next, this Court turns to the interrogatory responses of Defendant Cornell William Brooks, the former NAACP President and CEO. The Court acknowledges there is no dispute that Cornell William Brooks was terminated by the NAACP. While he may be no longer affiliated with the NAACP in the role of president of CEO, this does not excuse Dr. Brooks from making a reasonable inquiry into the questions posed by the Plaintiff in this case.

In response to every interrogatory, Defendant Brooks responds that he "has no independent knowledge of the facts relating to this lawsuit" or "[a]s a former NAACP employee, he has no access to any NAACP documents." This Court finds that no reasonable inquiry has been made by Defendant Brooks. Defendant Brooks has the same counsel as the NAACP in this case. There is no reason why Defendant Brooks cannot reach out to the NAACP through this shared counsel in order to attempt to obtain the information necessary to answer the interrogatories here. Therefore, Defendant Brooks is required to make a reasonable inquiry to obtain the information that will allow him to make full and specific answer to this interrogatory, and if that information cannot be obtained state the steps taken to obtain that information. Further, in supplementing his interrogatories Defendant Brooks must also omit objections to anything other than work product or privilege as this Court has found any other objection to the interrogatories has been waived.

The Court does not find that sanctions are appropriate with respect to Defendant Brooks. Rule 37 gives this Court discretion and because some of the Plaintiff's interrogatories to Brooks inquired into information from more than five years ago this Court will not impose sanctions against Defendant Brooks when the Plaintiff did not fully follow the Court's earlier order.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Compel Defendants to Answer Interrogatories and to Impose Sanctions (R. Doc. 48)** is **GRANTED in PART** and **DENIED in PART.**

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Compel Answers is **GRANTED** as to the NAACP. The NAACP must supplement its answers to Interrogatories Nos. 3, 4, 5, and 24 by answering the questions with specificity as well as indicating where in the NAACP's records those answers can be found.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Compel Answers is **GRANTED** as to Carmen Watkins. Carmen Watkins is ordered to supplement her answer to Interrogatory No. 15 to specify what she may have seen or heard about the Article X complaints or New Orleans elections.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Answers is **GRANTED** as to Roslyn Brock. Roslyn Brock is ordered to supplement her answers to Interrogatories Nos. 1, 2, 3, 5, and 6 by conducting a reasonable inquiry into the information sought and providing answers that comply with the specificity requirements of the Federal Rules. If an answer is not available, Roslyn Brock must indicate the steps taken in order to demonstrate that a reasonable inquiry has been undertaken.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Answers is **GRANTED** as to Defendant Cornell William Brooks. Cornell Brooks is required to conduct a reasonable inquiry into obtaining the information required to provide a response and if an answer cannot be

given with specificity indicate what steps were taken to indicate that a reasonable inquiry was attempted.

**IT IS FURTHER ORDERED** that all the defendants must provide supplemented answers no later than fourteen (14) days of the signing of this order. All answers must comply with this current order as well as the Court's prior order regarding these interrogatories and be void of any objections except for work product and privilege.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Impose Sanctions is **DENIED**.

New Orleans, Louisiana, this 30th day of November 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**