UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WES "W.C." JOHNSON | CIVIL ACTION |
| VERSUS | NO:   17-00357 |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL | SECTION: "J" (4) |

## ORDER

Before the Court is Plaintiff's **Motion to Amend and Supplement Pleadings (R. Doc. 54)**. The motion is opposed. R. Doc. 60. The motion was heard on the briefs.

**I.   Background**

This lawsuit derives from an alleged breach of contract and deprivation of constitutional rights. R. Doc. 1. Plaintiff named the National Association for the Advancement of Colored People ("NAACP"), Cornell William Brooks, Roslyn Brock, and Carmen Watkins as defendants.[1] Plaintiff alleges that he filed grievances with the national branch of the NAACP pursuant to the NAACP's constitution and bylaws seeking relief for inappropriate conduct by elected officers of the New Orleans Branch of the NAACP. Rather than investigate his claims, he alleges that the national branch of the NAACP threatened to either dissolve its New Orleans Branch or affect Plaintiff's membership status to chill litigation.

Plaintiff alleges that this has resulted in difficulties in holding proper and lawful local elections for NAACP branch members. Specifically, Plaintiff alleges that the national branch of the NAACP has allowed irregularities in the local elections and allowed ineligible members to run and be elected to NAACP office positions. Plaintiff argues he has been deprived of his rights under

---

[1] Cornell William Brooks is the former President and CEO of the NAACP. Roslyn Brock is the Chairman of the NAACP's Board of Directors. Carmen Watkins is the NAACP's Region VI Director.

the United States Constitution. Plaintiff asks this Court to force the national branch of the NAACP to address his complaints as to the voting irregularities and to require that all elections be rescinded until the proper execution of the NAACP's constitutional protections can be administered. Finally, Plaintiff seeks $100,000 in punitive damages to be given to the New Orleans Branch, a judgment forcing Defendants to reorganize the NAACP's constitution to comply with the United States Constitution, and for all costs incurred.

The original complaint in this case was filed on January 13, 2017. R. Doc. 1. The original complaint is related to an alleged breach of contract and constitutional violations revolving around grievance process and disenfranchisement from local NAACP elections that occurred in 2016. Plaintiff has filed a motion to amend and supplement his original complaint. R. Doc. 54. In the proposed amended and supplemented complaint, Plaintiff alleges that in July, August, and September of 2017 additional violations occurred which were done by individuals that Plaintiff seeks to add to the case as Defendants. R. Doc. 54, p. 4-5.

Plaintiff seeks to add four defendants to the case and states that these defendants "have cause[sic] additional injury to the prosecution of this cause" and denied the Plaintiff his rights. R. Doc. 54, p. 2. The proposed complaint names as additional defendants: (1) Dr. Ernest Johnson, the President of the Louisiana State Conference of the NAACP; (2) Gloria Johnson, the President of the New Orleans Branch of the NAACP: (3) Laurene McMillan, the Secretary of the New Orleans Branch the NAACP; and (4) Danatus King, Sr., former president of the New Orleans Branch of the NAACP and current counsel for the original defendants. Plaintiff also seeks to increase the damages for each defendant to five-hundred thousand dollars to himself and five-hundred thousand dollars each to the New Orleans Branch of the NAACP. R. Doc. 54, p. 3.

The motion is opposed. R. Doc. 60. Defendants argue that the Plaintiff has: (1) failed to show good cause for the amendment; (2) the proposed causes of action do not relate to the actions that form the basis of the original complaint; (3) the defendants would suffer prejudice as the litigation would be extended and new counsel would be required. R. Doc. 60, pp. 2-5.

Originally, the scheduling order in this case from April 17, 2017 stated that all amendments to pleadings were required by May 12, 2017. R. Doc. 15. However, on September 19, 2017 the scheduling order was vacated. R. Doc. 39. A new scheduling order was issued on November 3, 2017 and stated that amendments to pleadings shall not be filed. R. Doc. 58. Because the instant motion was filed on October 26, 2017 there was no scheduling order in effect that governed the amendment of pleadings.

## II. Standard of Review

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.' " *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as " 'undue delay, bad faith or dilatory motive

on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... and futility of the amendment.' " *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)).

**III.   Analysis**

In the proposed amended and supplemented complaint Plaintiff lays out factual allegations which begins with the events of July 22, 2017, at which time the Plaintiff alleges that the national NAACP placed the New Orleans Branch of the NAACP under the administration Dr. Ernest Johnson. R. Doc. 54. Plaintiff contends that on August 28, 2017, a letter was sent from the interim president for the national NAACP to Gloria Johnson, Dr. Ernest Johnson, Laurene McMillan, and others informing them of the administrative hold on the New Orleans Branch. Plaintiff states that this letter named Dr. Ernest Johnson as administrator, and included the duties of the administrator.

Next, Plaintiff alleges that on September 6, 2017, at the first scheduled meeting since the New Orleans Branch was placed under the administration of Ernest Johnson, Dr. Johnson did not answer questions about the national NAACP's actions with regards to the New Orleans Branch and no financial or secretarial reports were given. Plaintiff states that financial statements were requested and not provided.

Plaintiff next alleges that on September 13, 2017, at a general membership meeting of the New Orleans Branch, Ernest Johnson delayed selecting delegates for a state convention and deferred that to a special meeting later that day. R. Doc. 54, p. 4. Further, Plaintiff alleges that at the special meeting only people who were part of Gloria Johnson and Laurene McMillans's "special team," were allowed to vote, and this was done without the use of the current membership

4

list. At that meeting Plaintiff contends he was asked to leave and the cancellation of the election was threatened if the Plaintiff would not leave. However, Plaintiff states the election was held, but the number of delegates was increased in violation of protocol, and he was also harassed and intimidated for suing the national NAACP. R. Doc. 54, p. 5. Plaintiff states he was not allowed to vote at that election. *Id.*

The motion is opposed. R. Doc. 60. Defendants argue that the scheduling orders stated that the deadline to amend pleadings had passed and amendments to pleading shall not be filed. Further, Defendant argues that Rule 16(b) should be applied and good cause is required to be shown in order to amend. R. Doc. 60, p. 2.  Defendants argue that the Plaintiff has failed to show good cause for the amendment. *Id.* at p. 3. The Defendants further argue that the amended complaint seeks to add causes of action related to allegations of misconduct that occurred after July 2017 and are not related to the January 19, 2016 and April 18, 2016 administrative actions that form the basis of the original complaint. *Id.* at p. 3.

Defendants further argue that the amendment would be prejudicial as Danatus King represents them in the action and this motion would necessitate the defendants obtaining new counsel which would delay the litigation. *Id.* at pp. 3-4. Further, they argue that any allegations against Mr. King would "most likely" be summarily dismissed pursuant to Rule 12 or Rule 56 motion and the amendment would be futile. *Id.* at p. 5. Finally, Defendants argue that this is not the first time the Plaintiff has tried to "get rid" of defense counsel as they previously filed a Motion for Hearing to Dismiss Counsel which was denied by the District Court. *Id.*; R. Docs. 13, 20.

First, the Court finds that the time this motion was filed, October 26, 2017 there was no scheduling order in effect that governed the amendment of pleadings. As such, the Court is required to apply only a Rule 15(a) analysis and its liberal standard to the proposed pleading.

Second, it is the general rule that pro se pleadings are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers." *Vallery v. American Girl, L.L.C.*, 697 F. App'x. 821, 823 (5th Cir. 2017) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This motion was filed by the Plaintiff pro se and therefore the Court is required to apply the less stringent standards to the pleading.

### A. Claims Against Danatus King, Sr.

Plaintiff seeks to add Danatus King, Sr. as a defendant, who is counsel for the current defendants. The Plaintiff in the proposed amended complaint alleges King: (1) participated in disruptive behaviors during meetings in 2015 and 2016; (2) has attempted to derail and defuse the current litigation by ignoring the rules of civil procedure; (3) employed tactics that border on ethical misconduct; (4) conspired with other defendants to circumvent efforts to provide administrative settlement to several complaints brought before the NAACP; (5) defended accused members charged with theft of branch property at public meetings and warranted to the Court he had not done so; (6) intercepted communications meant for elected officers after his tenure as branch president; (7) continued an unauthorized office of the New Orleans branch after his tenure and president, while another president held office, and has misdirected official business communications to himself; (8) holds information vital to the litigation that cannot be obtained from other sources. R. Doc. 54, pp. 7-8.

Rule 15(a) allows the denial of a motion to amend when the proposed amended complaint would be futile. With respect to the right claims that the Plaintiff lists against Mr. King, there are no factual allegations to support any of these statements. Further, a review of each of allegations does not reveal that any of these claims state a cause of action under federal or state law. As such the claims against Mr. King are futile. Further, the Court finds that the "allegations" against King

6

were done with bad faith. Plaintiff previously filed a motion to dismiss opposing counsel for the instant case, which the District Court denied. R. Docs. 13, 17, 20. The combination of lack of cognizable claims with previous motion practice attempting to remove Mr. King as counsel indicates to the Court that the attempt to add Mr. King as a defendant is predicated on bad faith and a dislike of Mr. King and his involvement in the underlying litigation. For example, Plaintiff states that King has employed tactics that border on ethical misconduct and has attempted to derail the litigation. These indicate to the Court that the Plaintiff is unhappy with counsel opposing him, rather than being claims for adjudication before the Court. As such, with respect to Danatus King, Sr., the motion to amend is denied.

### B. Claims Against Dr. Ernest Johnson, Gloria Johnson, and Laurene McMillan

The Plaintiff asserts that these three individuals violated his rights under the United States Constitution Amendments 1, 6, 7, 9, 14 as well as 41 USC § 6503, 28 USC § 1332 and 18 USC §§ 241, 242, and 245. A review of these Constitutional Amendments and statutes do not create cognizable causes of action against these defendants. The First Amendment states that Congress shall make no law respecting an establishment of religion, prohibiting the free exercise of religion, abridging the freedom of speech or the press, the right of peaceable assembly, and the petition of the government for a redress of grievances. U.S. Const. amend. I. None of these three individuals are state actors who are abridging the Plaintiff's rights and, therefore, Plaintiff does not state a cognizable claim under First Amendment violations.

The Sixth Amendment of the United States Constitution provides for speedy trials and other rights in criminal prosecutions. U.S. Const. amend. VI. This is a civil action and as a result the amendment is not relevant to this litigation and cannot be cited as a cause of action against these individual defendants.

The Seventh Amendment provides for the jury trials in civil cases. U.S. Const. amend. VII. This case is currently set for trial by jury on September 17, 2018. These individual defendants have not infringed or prevented the Plaintiff from the right to a trial by jury in civil actions and as such this does not state a cognizable cause of action.

The Ninth Amendment of the U.S. Constitution states that the enumeration of certain rights in the Constitution should not be construed to deny or disparage others retained by the people. U.S. Const. amend IX. The Ninth Amendment "does not confer substantive rights in addition to those conferred by other portions of our governing law." *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991). The purpose of the Ninth Amendment was to ensure that just because fundamental rights were not clearly listed in the Constitution they could be denied at a later time because they were not specifically enumerated. *Id.* This amendment is a rule of construction and does confer actionable rights to the Plaintiff and therefore does not create a cause of action against these named individuals. *See Johnson v. Texas Bd. of Crim. Justice*, 281 F. App'x 319, 320 (5th Cir. 2008).

The Fourteenth Amendment says that no state will abridge the privileges and immunities of the citizens of the United States, deprive any person of due process, nor deny the equal protection of the laws. U.S. Const. amend. XIV. None of the allegations against the individuals indicate that they are state actors, rather, they are individuals serving in leadership roles within a non-profit organization, the NAACP. The Fourteenth Amendment, therefore, does not serve as a basis for claims against these individual defendants.

Title 41 U.S.C.A. § 6503 deals with a breach of violation of a contract under § 6502 of that title. Further, Title 41 U.S.C.A. § 6502 states that a contract made by an agency of the United States for the manufacture or furnishing of materials in an amount exceeding $10,000 shall include specific representations and stipulations. Nothing in Plaintiff's amended complaint indicates that

there is any contract made by an agency of the U.S. government in this case, and therefore, this provides no cause of action against these individuals.

Title 28 U.S.C.A. § 1332 provides federal district courts with original jurisdiction in diversity cases under its specific provisions. This is a jurisdictional statute and does not provide any substantive rights, therefore, these individual defendants cannot have deprived Plaintiff of his rights under this statute.

Title 18 U.S.C.A. §§ 241, 242, and 245 provide the United States with the ability to prosecute criminally violations of civil rights and allow the United States to procure criminal remedies or impositions of penalties, "but contain no provisions for authorizing the awarding of damages." 262 F. Supp. 79, 82 (W.D. Penn. Dec. 29, 1966). "Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242." 876 F.2d 1, 2 (1st Cir. 1989). "These statutes do not give rise to a civil action for damages." *Id*. As this is a civil action, these statutes are not applicable to the instant case and therefore an amendment to assert claims under these statutes is futile.

In addition, the Plaintiff also alleges that these individuals prevented him from voting in an organizational election and the right to a "financially sound" branch. Plaintiff states that he requested the financial statements, but they were not provided and these individuals prevented him voting for delegates to a convention.

Under Louisiana law the bylaws of an association or corporation constitute a contract. *See Elfer v. Marine Engineers Beneficial Ass'n. No. 12 et al.*, 179 La. 383, 392 (La. 1934); *See also Colonial Country Club v. Richmond*, 19 La. App. 272, 274 (La. App. 1932). A review of the Louisiana Secretary of State's records shows that the National Association for the Advancement of Colored People is a non-profit corporation or co-op. Under Louisiana non-profit corporation

law LSA-R.S. 12:223(C) it states that "Every shareholder and voting member may examine in person, or by agent or attorney, at any reasonable time, the records of the corporation listed in subsection A of this section." Further, the law provides that a bad faith refusal to inspect pursuant to LSA-R.S. 12:223(C) by the corporation, or any officer or agent thereof, shall be liable to the member to the extent necessary to enforce the inspection rights and for damages actually sustained. LSA-R.S. 12:264.

Under LSA-RS 12:222 it states that the bylaws operate merely as regulations among the members and may include any provision for the regulation and management of the affairs of the corporation, its rights and powers, the rights and powers of its members directors or officers, or the directors' qualifications, classification, number or term of office, or fixing their compensation, not inconsistent with law or the articles. Therefore, to the extent that Plaintiff is alleging that the bylaws allow him to vote in certain elections and that he was not allowed to do so, the Court understands that Johnson is alleging a breach of contract by the individuals acting as officers or directors of the New Orleans Branch of the NAACP. The breach of contract claim, therefore, appears cognizable as understood by this Court and is therefore not facially futile.

The Court notes that the breach of contract claim and the statutory claim for the refusal to permit the exercise of inspection rights are both state law claims sought to be added and asserted by a Louisiana plaintiff against Louisiana defendants. The Court, therefore, cannot exercise original jurisdiction over these claims pursuant to Title 28 U.S.CA. § 1332 because there would not be complete diversity between the parties. The Court would therefore be required to exercise supplemental jurisdiction under Title 28 U.S.C.A. § 1367.

Under that statute the district Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form

part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.A. § 1367. However, district courts may decline to exercise supplemental jurisdiction over a claim if: "(1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are compelling reasons for declining jurisdiction." *Id.*

The Supreme Court has noted that supplemental jurisdiction is a doctrine of discretion, "not of plaintiff's right" and "need not be exercised in every case in which it is found to exist." *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). When deciding to whether to exercise supplemental jurisdiction "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction" *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988). The Fifth Circuit has noted that it looks "to the statutory factors set forth by 28 U.S.C. § 1367(c), and to the common law factors of judicial economy, convenience, fairness, and comity." *Enochs v. Lampasas Cty.*, 641 F.3d 155 (5th Cir. 2011).

In evaluating the remaining state law claims in the motion to amend, the Court finds that the factors weigh in favor of the Court declining to exercise its supplemental jurisdiction over these claims. First, the factual allegations forming the basis of the state law claims in the proposed amended complaint occurred nearly nine months after the allegations forming the basis for the original complaint. Second, the claims in the proposed amended complaint are state law claims against new defendants and not the same national defendants in the original complaint. In addition, the discovery with respect to these state law claims would not seem to be encompassed the discovery as a necessary part of the original complaint. As a result, the Court declines to exercise

supplemental jurisdiction over the remaining state law claim in the proposed amended complaint without prejudice.

### IV.     Conclusion

Accordingly,

**IT IS ORDERED** that the **Motion to Amend and Supplement Pleadings (R. Doc. 54)** is **DENIED.**

New Orleans, Louisiana, this 18th day of April 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**