UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WES W.C. JOHNSON | CIVIL ACTION |
| VERSUS | No.: 17-357 |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL. | SECTION: "J"(4) |

### ORDER & REASONS

Before the Court is a *Motion for Preliminary Injunction* **(Rec. Doc.68)** filed by Plaintiff Wes "W.C." Johnson and an opposition thereto (Rec. Doc. 72) filed by Defendants.[1] Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

This lawsuit derives from an alleged breach of contract and deprivation of constitutional rights. (Rec. Doc. 1.) The named Defendants are the National office of the National Association of the Advancement of Colored People ("NAACP"); Cornell William Brooks, the former President and CEO of the NAACP; Roslyn M. Brock, the Chairman of the NAACP's Board of Directors; and Carmen Watkins, the NAACP's Region VI Director (collectively, "Defendants"). In the complaint filed on January 13, 2017, Plaintiff alleges that he

---
[1] Plaintiff also filed a Supplemental Memorandum in support of his motion. (Rec. Doc. 79.)

filed grievances with the National office of the NAACP pursuant to the NAACP's constitution and bylaws seeking relief for inappropriate conduct by elected officers of the New Orleans Branch of the NAACP (the "New Orleans Branch"). Rather than investigate his claims, Plaintiff alleges that the National office threatened to either dissolve its New Orleans Branch or affect Plaintiff's membership status to chill litigation.

Furthermore, Plaintiff complains that the election of the chapter officers was not properly conducted in 2016. As a result, Plaintiff has now sued Defendants for (1) not investigating his complaints of January 19, 2016, and April 18, 2016; (2) permitting ineligible candidates to run for local NAACP leadership positions; and (3) failing to invalidate the illegal election results. Plaintiff also claims he has been deprived of his constitutional rights under the First, Sixth, Seventh, Ninth, and Fourteenth Amendments to the United States Constitution. Plaintiff asks this Court to force the National office to address his complaints as to the voting irregularities and to require that all elections be rescinded until the proper execution of the NAACP's constitutional protections can be administered. Finally, Plaintiff seeks $100,000 in punitive damages to be given to the New Orleans Branch, a judgment forcing Defendants to reorganize the NAACP's constitution to comply with the United States Constitution, and for all costs incurred.

On October 26, 2017, Plaintiff filed a *Motion to Amend the Complaint* (Rec. Doc. 54) seeking to add four defendants to the case for causing "additional injury to the prosecution of this cause" and denying Plaintiff his rights. Specifically, Plaintiff sought to add (1) Dr. Ernest Johnson, the President of the Louisiana State Conference of the NAACP; (2) Gloria Johnson, the President of the New Orleans Branch; (3) Laurene McMillan, the Secretary of the New Orleans Branch; and (4) Danatus King, Sr., former president of the New Orleans Branch of the NAACP and current counsel for the named Defendants. On April 18, 2018, the Magistrate Judge denied Plaintiff's *Motion to Amend*, finding primarily that Plaintiff's claims were futile. Plaintiff objected to the ruling, which this Court overruled on May 11, 2018. (Rec. Doc. 85.)

After Plaintiff filed the *Motion to Amend* but before the Magistrate issued her order denying it, Plaintiff filed the instant *Motion for Preliminary Injunction* **(Rec. Doc. 68)** and a *Motion to Expedite* said motion (Rec. Doc. 69). On January 25, 2018, the Court denied the motion to expedite and ordered that the motion would be considered on the briefs and without a hearing unless the Court otherwise notified the parties. (Rec. Doc. 70.) Defendants filed an opposition to the motion on February 6, 2018. (Rec. Doc. 72.) On February 26, 2018, Plaintiff filed a Supplemental

Memorandum in support of his motion. (Rec. Doc. 79.) The motion is now before the Court on the briefs and without oral argument.

**PARTIES' ARGUMENTS**

Plaintiff asks that an injunction be entered against (1) the named Defendants, (2) Danatus King (3) Dr. Ernest Johnson, and (4) the "Sheriff's Deputies and other law enforcement agencies." Plaintiff argues that a preliminary injunction is necessary in order to preserve his rights to attend and participate in the meetings of the New Orleans Branch, to prevent Danatus King and Dr. Johnson from making false and derogatory statements about Plaintiff, and to prevent any actions that would allow the New Orleans Branch to be removed from under the administration of the National office without the National NAACP Mandates being explained and implemented first.

Defendants oppose the injunction, arguing that the events complained of in the motion are unrelated to the events that serve as the basis of Plaintiff's complaint. Second, Defendants argue that an injunction is inappropriate against Danatus King or Dr. Johnson because they are not parties in this action. Defendants contend that Plaintiff is merely attempting to add new causes of action and new parties in contravention of the Court's November 3, 2017 Scheduling Order. See Rec. Doc. 59 ("Amendments to pleadings, third-party actions, cross-claims and counter-claims shall **NOT** be filed")(emphasis in original). Next, Defendants argue that court

4

interference with the internal affairs of a private association is only appropriate in cases where the complained of action is arbitrary or capricious. Defendants argue the actions complained of here were not arbitrary or capricious; rather, they were based on information from the New Orleans Branch's secretary and the National office that Plaintiff was not a member in good standing.

## **LEGAL STANDARD**

Under the law of this Circuit, a plaintiff must make a clear showing that his case satisfies the following four criteria before he can receive a preliminary injunction: (1) a substantial likelihood exists that he will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest. *See Valley v. Rapides Parish School Board*, 118 F.3d 1047, 1051 (5th Cir. 1997). He must satisfy all four factors; a failure to satisfy even one of the four factors requires a denial of the preliminary injunction. *See Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). The United States Fifth Circuit Court of Appeals has frequently cautioned that a preliminary injunction is an "extraordinary remedy" which should be granted only if the movant has clearly carried the burden of persuasion on all four of the above prerequisites. *See e.g.*, *Cherokee Pump &*

*Equipment Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994). As a result, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Id.; accord House the Homeless, Inc. v. Widnall*, 94 F.3d 176, 180 (5th Cir. 1996).

Courts are required to liberally construe a *pro se* litigant's pleadings. *Jones v. Texas Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018). The Supreme Court has held that *pro se* complaints should be held "to less stringent standards than formal pleadings drafted by lawyer." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency, however, is not unlimited. Even those proceeding *pro se,* "cannot flout procedural rules—they must abide by the same rules that apply to other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

## **DISCUSSION**

Plaintiff seeks an injunction against various individuals in order to preserve his right to attend and participate in the meetings of the New Orleans Branch, to prevent Danatus King and Dr. Johnson from making false and derogatory statements about Plaintiff, and to prevent the New Orleans Branch from returning to its normal operations. However, the Court need not address the

merits of Plaintiff's motion because the Court finds that it lacks subject-matter jurisdiction over Plaintiff's claims.

Federal district courts are courts of limited jurisdiction, possessing only the authority granted by the United States Constitution and conferred by the United States Congress. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). As such, courts have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of the case. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1049 (3d Cir. 1993). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377). "A motion for a preliminary injunction or a temporary restraining order does not, alone, confer subject matter jurisdiction on a federal court; instead, an independent basis for asserting federal question or diversity jurisdiction must be shown in order for the court to grant injunctive relief." *Smith v. Haband*, 17-1677, 2017 WL 4883252, at *2 (M.D. Pa. Oct. 30, 2017).

Plaintiff contends that this Court has subject-matter jurisdiction over his complaint because his claims raise federal question jurisdiction. Federal courts can sustain jurisdiction on the ground that the complaint raises a federal question. *See* 28 U.S.C. § 1331. Plaintiff contends that federal question

7

jurisdiction exists by virtue of his claim that Defendants violated his constitutional rights under amendments 1, 6, 7, 9, and 14. However, none of Plaintiff's claims are cognizable as federal causes of action. In order to maintain a civil rights action under 42 U.S.C. § 1983, "a plaintiff must show that he has been deprived of a federally protected right by a person acting 'under color of state law.'" *Dupree v. Mfume*, 3-2240, 2003 WL 2247744, at *1 (N.D. Tex. Oct. 20, 2003) (citing 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988)). Plaintiff's allegations name only a private organization (the NAACP) and private individuals as Defendants. None of these Defendants are state actors who are abridging the Plaintiff's rights. Moreover, many of the amendments that Plaintiff relies on are inapplicable to the facts asserted and cannot be cited by Plaintiff as a cause of action against the named Defendants.[2] As such, Plaintiff does not state a cognizable claim to invoke federal question jurisdiction.

Liberally construing Plaintiff's complaint, it appears that the remaining claims involve breach of contract under Louisiana

---

[2] For example, the Sixth Amendment provides for speedy trials and other rights in a criminal prosecution. U.S. Const. amend. VI. As this is a civil action brought by Plaintiff, this amendment is inapplicable here. The Seventh Amendment provides for jury trials in civil cases. This case is currently set for a jury trial therefore, there is no infringement of that right. Finally, the Ninth Amendment does not provide Plaintiff with a cause of action. *See Johnson v. Texas Bd. of Criminal Justice*, 281 F. App'x 319, 320 (5th Cir. 2008) ("The Ninth Amendment does not confer substantive rights upon which civil rights claims may be based.").

state law for Defendants' failure to abide by the NAACP bylaws.[3] Without federal question jurisdiction, the Court must have diversity jurisdiction in order to adjudicate the merits of Plaintiff's state law claims. Pursuant to 28 U.S.C. § 1332, jurisdiction is proper in federal district court where the action involves citizens of different states and an amount in controversy, exclusive of interest and costs, in excess of $75,000. *See* 28 U.S.C. § 1332(a). Here, there is diversity among the parties; Plaintiff is a Louisiana resident and all of the Defendants are nonresidents.[4] However, it is clear that Plaintiff's claims fail under the second prong of the diversity jurisdiction analysis, the amount in controversy. The relief sought by Plaintiff is almost exclusively in the form of either injunctive or declarative relief. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977). Here, there is no object which satisfies the requisite amount. The only monetary damage that

---

[3] The NAACP is a non-profit corporation. Under Louisiana law, the bylaws of an association or corporation constitute a contract between the organization and its members. *See Elfer v. Marine Engineers Beneficial Ass'n No. 12 et al.*, 179 La. 383, 392 (La. 1934). The general rule in Louisiana is that the courts will not interfere with the internal affairs of a private association, except in cases when the affairs and proceedings have not been conducted fairly and honestly or when the action complained of is capricious, arbitrary or unjustly discriminatory. *See Sanders v. Louisiana High Sch. Athletic Ass'n*, 242 So. 2d 19, 25 (La. Ct. App. 1970)(citations omitted).

[4] Although some of the people over which Plaintiff seeks an injunction are Louisiana residents, those individuals are not parties to this case.

Plaintiff seeks is $100,000 in punitive damages. Under Louisiana law, punitive damages are prohibited unless provided by statute. *See International Harvester Credit v. Seale*, 518 So. 2d 1039, 1041 (La. 1988). There is no statute which would permit punitive damages in this case. Therefore, this litigation fails to meet the minimum requirements for this Court's exercise of diversity jurisdiction.

Accordingly, the Court has neither diversity jurisdiction nor federal question jurisdiction over Plaintiff's claims. Therefore, the complaint is dismissed without prejudice to his pursuing his claims in an appropriate state court.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the *Motion for Preliminary Injunction* (**Rec. Doc. 68)** is hereby **DENIED** and Plaintiff's Complaint is hereby **DISMISSED without prejudice**.

New Orleans, Louisiana this 29th day of May, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE